## C. S. ANDERS ET AL. v. A. K. GERHARD.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 4, 1891—Decided February 16, 1891.

(*a*) A testator gave his residuary estate, one half to his wife, " to hold the same absolute," and one half to his " brother and sisters, and to their heirs, to be equally divided amongst them," directing his executors to sell all his real and personal property, subject to his " said wife's moiety."

(b) The will provided further: "The money arising from my real estate I give to my brother and sisters aforesaid, to be equally divided; the other moiety or half part thereof I give to the heirs of my said wife, to be divided amongst them after her decease."

(c) Giving to his brother and sisters one half the proceeds of his homestead, to be sold on his wife's death, he bequeathed the other one half to his "said wife, so that at the final settlement of my estate, my heirs and the heirs of my wife shall each receive one half of my estate, real and personal:"

1. In such case, the widow of the testator took an estate in fee in one half the real estate, excluding the homestead; and therefore, a deed for said real estate, executed and tendered by the executors of the will and the widow, would convey a fee-simple title to the purchaser thereof.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 80 January Term 1891, Sup. Ct.; court below, No. ——, June Term 1890, C. P.

On April 30, 1890, a case stated was filed, wherein Charles S. Anders and Hiram A. Kriebel, executors of Samuel Y. Kriebel, deceased, and Mary Kriebel were plaintiffs, and Ambrose K. Gerhard was defendant, setting out:

That Samuel Y. Kriebel died seised, inter alia, of six several tracts of land in Upper Hanover township, bounded and described as stated, and left a will dated December 9, 1889, duly admitted to probate, wherein it was provided as follows:

"1. I order that all my just debts and funeral expenses be fully paid and satisfied. After payment thereof, and the sum of three hundred dollars being set apart for my beloved wife as the law directs, the remaining sum I give and devise as follows, to-wit: One half thereof I give and devise to my beloved wife Mary, to hold the same absolute; the other half part thereof I give and bequeath unto Charles Kriebel, Mary, late wife of Daniel Schultz, deceased, the heirs of Susanna Gerhard, deceased, and Sarah Y. Anson, wife of Samuel Anson, who being my brother and sisters, and to their heirs, to be equally divided amongst them.

"2. I give and devise my homestead in the borough of Norristown to my said wife during her natural life, and if she should desire to sell the same I order my executors to sell the same at public sale and convey the same to the purchaser in

Opinion of Court below.

fee. The proceeds arising therefrom I order my executors to invest for her use and benefit during her lifetime.

" 3. I order my executors hereinafter named to sell all my real and personal property at public or private sale, and convey the same to the purchaser in fee, subject to my said wife's moiety. The money arising from my real estate I give to my said brother and sisters aforesaid, to be equally divided; the other moiety or half part thereof I give to the heirs of my said wife, to be divided amongst them after her decease.

" 4. After the decease of my said wife, I order my executors to sell the home and [homestead?] as aforesaid, if not previously sold, and the money arising therefrom, I give and bequeath in the following manner, one half thereof I give and bequeath to my brother and sisters and to their heirs. The other one half part thereof I give and bequeath to the heirs of my said wife, so that at the final settlement of my estate, my heirs and the heirs of my wife shall each receive one half of my estate real and personal.

" Lastly, I nominate, constitute and appoint," . . . .

That the said Charles S. Anders and Hiram A. Kriebel, as executors, and the said Mary A. Kriebel, as widow and devisee, under said will, of the one part, and Ambrose K. Gerhard, of the other part, had entered into a contract whereby the plaintiffs agreed to sell the said tracts of land to the defendant, who had agreed to purchase the same and to pay therefor the sum of $6,800, upon the execution and delivery to him of a good and sufficient title in fee-simple for said premises, free of encumbrances and estates under said will, and that the plaintiffs had tendered a deed, etc.; submitting the question whether a deed from the plaintiffs would convey to the defendant a fee-simple title to said premises, under said will.

After argument thereof, the court, WEAND, J., filed an opinion, as follows:

It is plain reading that the testator intended to divide his estate between his own and his wife's heirs, and that final settlement should not be made until after the death of his wife. It is equally plain that by "heirs of my said wife," he meant heirs generally, and not children or any particular heirs. In the first item, he describes his own heirs to be his brothers

and sisters and their children, and, when referring to his wife's heirs, he undoubtedly meant any who might stand in the same relationship to her.  This being so, they take through her qua heirs by descent, and not as purchasers.  Having thus discovered the intention of the testator as to how they were to inherit, the rules of law must apply, even if the general intention of the testator be defeated.

He undoubtedly intended to benefit the heirs of his wife, by providing for them after her death; and this he meant to do by limiting the estate given to her, for her life, and then to her heirs.  In the first item, however, he gives to his wife one half of his estate absolutely.  This refers to both real and personal, for in the third item he directs his executors to sell all his real and personal property, subject to his said wife's moiety, meaning the share given to her in the first item.  After thus providing for a sale, he attempts to provide for his wife's heirs after her decease, and thus cut down the estate previously given to her.  He does not, however, provide for a failure of heirs, nor for the disposition of the income of his wife's moiety during her life.  Unless, therefore, she has an absolute estate by the first item, or a life-estate by implication under the third item, he would die intestate as to the one half of the real estate during her life.  2 Jarman on Wills, *532, lays down the rule that "It has become a settled distinction, that a devise to the testator's heirs after the death of A, will confer on A an estate for life by implication; but that under a devise to B, a stranger, after the death of A, no estate will arise to A by implication."

It is unreasonable, however, to suppose that, after having just given his wife an absolute estate, he should then cut her off entirely from any interest therein.  A more reasonable construction, and one more consistent with the testator's intention, would be that he intended a life-estate for his wife with remainder to her heirs.  But we would then have a freehold in the wife, with remainder to her heirs, which would vest as an executed estate of inheritance in the ancestor.  That this may defeat the intention of the testator can make no difference. "If the intention of the testator be that the remainder-men should take as the heirs of the grantee or devisee of the particular freehold, instead of themselves becoming the root of a new succession, the rule is applied, although it may defeat a

manifest intention that the first taker should have but an estate for life : " Guthrie's App., 37 Pa. 9 ; Doebler's App., 64 Pa. 9.

If we attempt, now, to put the testator's language into such shape as to give effect to both the first and third items, and make them consistent, and at the same time properly express his meaning, it would read thus : " One half thereof I give and devise to my beloved wife Mary, to hold the same absolute, and after her decease I give her said share to the heirs of my said wife," etc.   This would be a devise to Mary and the whole body of her heirs, without limitation or restriction, absolutely and generally, and there being no devise over in default of heirs, would vest the fee in her.   In Steiner v. Kolb, 57 Pa. 123, the devise was " to Elizabeth for her lifetime, but immediately after her decease it shall belong to her legal heirs, share and share alike," and it was held to pass a fee.   We are therefore of opinion that the title proposed to be conveyed will be good and indefeasible, and that judgment should be entered for the plaintiffs.

And now, October 6, 1890, judgment is entered in favor of the plaintiffs and against the defendant for the sum of six thousand eight hundred dollars ($6,800), with costs of suit.

—Judgment being entered, the defendant took this appeal, specifying that the court erred in entering judgment in favor of the plaintiffs, and in not entering judgment in favor of the defendant.

*Mr. Chas. Hunsicker*, for the appellant.

Counsel cited : Bacon's App., 57 Pa. 504 ; Barnett's App., 46 Pa. 392 ; Guthrie's App., 37 Pa. 9.

*Mr. Louis M. Childs* (with him *Mr. Montgomery Evans*), for the appellees.

Other than authorities cited by the court below, counsel cited : Fearne on Rem., 199 ; Preston on Est., 325, 326 ; 2 Powell on Dev., 435 ; Kleppner v. Laverty, 70 Pa. 70 ; Yarnall's App., 70 Pa. 335 ; Allen v. Markle, 36 Pa. 117 ; Linn v. Alexander, 59 Pa. 43 ; Campbell v. Jamison, 8 Pa. 498 ; Criswell's App., 41 Pa. 288 ; Angle v. Brosius, 43 Pa. 187 ; Potts's App., 30 Pa. 168 ; Stewart v. Kenower, 7 W. & S. 288 ; Cockins' App., 111 Pa. 26.

Statement of Facts.

PER CURIAM:

We are of opinion that, under the will of Samuel Y. Kriebel, his widow took an estate in fee in one half of the real estate in controversy. It follows that judgment was properly entered in the court below for the plaintiffs.

Judgment affirmed.